PER CURIAM.
The State appeals the trial court’s order sentencing David Lynn Royal (appellee) to drug offender probation pursuant to section 984.034, Florida Statutes (1999). The State contends that appellee does not qualify for drug offender probation because he has too many prior convictions.
On June 10, 1999, the State charged appellee with the sale of cocaine in violation of section 893.13(l)(a), Florida Statutes. On June 21, 1999, the State charged him with possession of cocaine in violation of section 893.13(6)(a), Florida Statutes. He pled guilty to both charges. At the time of sentencing, the State submitted a criminal punishment code scoresheet which disclosed his prior convictions: five for sale of cocaine, one for sale of cocaine within 1000 feet of a school, one for possession of cocaine, and one for sale of a substance in lieu of cocaine. He was on supervised release from the Department of Corrections at the time of these offenses. Appellee sought a three year term of drug offender probation with a special condition of completing the long-track drug farm program under section 948.034(2), Florida Statutes. The State objected based on appellee’s prior criminal history. The court adjudicated him guilty and placed him on four years drug offender probation with special conditions.
Section 948.034 provides as follows:
(1) On or after October 1, 1993, any person who violates s. 893.13(l)(a)l, ... may, in the discretion of the trial court, be required to successfully complete a term of probation in lieu of serving a term of imprisonment as required or authorized by s. 775.084, former s. 921.001, or s. 921.002, as follows:
(a) If the person has not previously been convicted of violating s. 893.13(l)(a)l, ... adjudication may be withheld and the offender may be placed on probation for not less than 18 months....
(b) If the person has been previously convicted of one felony violation of s. 893.13(l)(a)l, ... adjudication may not be withheld and the offender may be placed on probation for not less than 24 months....
(c) If the person has been previously convicted of two felony violations of s. 893.13(l)(a)l, ... adjudication may not be withheld and the offender may be placed on probation for not less than 36 months....
§ 948.034(l)(a)-(c), Fla. Stat.
The State argues that because ap-pellee had been previously convicted of *505 selling cocaine six times, he is ineligible for sentencing under section 948.034(1), Florida Statutes. We agree. For violations of section 893.13(l)(a)l, Florida Statutes, which includes the sale of cocaine, the legislature provided in section 948.034(1), Florida Statutes, that offenders with up to two previous convictions are eligible for drug offender probation. However, section 948.034(1), Florida Statutes, does not provide for drug offender probation for persons with more than two previous convictions pursuant to section 893.13(l)(a)l, Florida Statutes. Here, appellee’s six previous convictions for the sale of cocaine precludes the application of drug offender probation to his current conviction of the sale of cocaine.
The State does not challenge appel-lee’s sentence to drug offender probation pursuant to section 984.034(2)(b), Florida Statutes, for possession of cocaine. We agree with the State’s argument, however, that this sentence should be vacated because the sentences he received for sale of cocaine and possession of cocaine were intertwined.
Accordingly, we reverse appellee’s sentence to drug offender probation for his conviction of the sale of cocaine. We also vacate his sentence to drug offender probation for possession of cocaine. We remand to the trial court for resentencing on his convictions of sale of cocaine and possession of cocaine. Our reversal is without prejudice to appellee, upon a showing of proper grounds, to seek to withdraw his plea of guilty.
REVERSED and REMANDED.
DELL, SHAHOOD and TAYLOR, JJ. concur.