PER CURIAM.
The State appeals a downward departure sentence. The trial court adjudicated the Defendant guilty on one count of possession of cocaine and one count of possession of marijuana. At the sentencing hearing, the State informed the trial court that the Defendant had five prior felony convictions. Defense counsel acknowledged the prior convictions and agreed that the Defendant was not eligible for a presentencing investigation.
The trial court sentenced the Defendant to five years in prison, withheld adjudication, and placed the Defendant on five years probation. Both the State and defense counsel told the trial court that it could not withhold adjudication in light of the Defendant’s prior convictions.
The State correctly argues that the trial court committed reversible error when it withheld adjudication and sentenced the Defendant to five years probation, knowing that one of the Defendant’s prior convictions was for selling cocaine. If a defendant has previously been convicted of one felony violation of section 893.13(l)(a)2., “adjudication may not be withheld and the offender may be placed on probation for not less than 18 months, as a condition of which the court shall require the offender to reside at a community residential drug punishment center for 90 days.” § 948.034(2)(b), Fla. Stat. (2000) (emphasis added).
Our opinion in State v. Royal, 763 So.2d 503 (Fla. 4th DCA 2000) is dispositive. In Royal, the defendant pled guilty to sale of cocaine under section 893.13(l)(a)l and possession of cocaine. At the time of sentencing, the State submitted a criminal punishment code scoresheet which disclosed the defendant’s prior convictions for sale and possession of cocaine. The defendant requested a three year term of drug offender probation under section 934.034(1), Florida Statutes (2000). The State objected based upon the defendant’s prior criminal history. The trial court ad *637 judicated the defendant guilty, but placed him on probation for four years. We reversed and held that the legislature did not provide for drug offender probation for people with more than two previous convictions.
Similarly, in this case, because the Defendant had prior drug convictions, the trial court erred in sentencing the Defendant to drug offender probation. Therefore, we reverse and remand to the trial court for resentencing.
REVERSED AND REMANDED.
GUNTHER, FARMER and KLEIN, JJ., concur.